Kerong **WANG,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–70288.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Ronald T. Oldenburg, Esq., Honolulu, HI, for Petitioner.

Joy H. Huang, Law Offices of Joy H. Huang, P.C., Tempe, AZ, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Kerong Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific, cogent reasons for the finding based on an inconsistency between petitioner's testimony and application going to the heart of the claim, including regarding whether she was arrested and jailed for six months in China. *See id.* at 1043. Moreover, even assuming petitioner was credible, termination from employment does not establish persecution, *see Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003), and there is no evidence that any mistreatment she may have received at her job was on account of a political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because petitioner failed to show that she was eligible for asylum, it follows that she also failed to satisfy the more stringent standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Petitioner's argument that the BIA's streamlining procedure violates her due process rights is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 854–55 (9th Cir.2003).

## PETITION FOR REVIEW DENIED.